NESBITT, Judge.
Appellant seeks reversal of a final summary judgment in favor of Allstate Insurance Company. We affirm.
Edna Hazera (Hazera) was a pedestrian injured when she was struck by a driver whose car was insured by Allstate Insurance Company (Allstate). The car insurance included Personal Injury Protection, (PIP), with a $10,000 policy limit. Hazera had no other medical insurance coverage, but was a Medicare recipient. As a result of the accident, Hazera incurred hospital and medical expenses from various providers totalling approximately $27,000. Palmetto General Hospital (Palmetto) billed Medicare for $23,-547.56, unaware that third party recovery was available through Allstate. Medicare paid $12,192.48, the portion of Palmetto’s bill for which it was responsible. Hazera subsequently submitted a PIP claim to Allstate for medical bills, including the $23,547.56 bill from Palmetto. Allstate paid the full $10,000 PIP policy limits to Palmetto. Upon learning of Allstate’s involvement, Palmetto reimbursed Medicare for that portion of Medicare coverage subsequently paid by Allstate.
Hazera argues that by paying the entire policy amount over to Palmetto, instead of making the check payable to both herself and the medical providers, Allstate breached its obligation to her as the insured by failing to maximize her insurance benefits among the remaining medical providers and eliminating her ability to negotiate with Medicare for its payments to those medical providers.
In the instant case, state and federal law dictated the actions of both Allstate and Palmetto regarding the payment of insurance proceeds and reimbursement of Medicare. First, the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(A) and (B) (1988), provides that the United States government may not pay a Medicare claim as primary payor where a private medical or liability policy applies. See American Risk Assurance Co. v. Benrube, 407 So.2d 993, 994-95 (Fla. 3d DCA 1981) (The United States government may not pay a Medicare claim pursuant to 42 U.S.C. § 1395y where payment has been made or can reasonably expect to be made by a primary insurer). The federal statute makes Medicare the secondary payor to any private insurance plan, and requires reimbursement of any Medicare payment “when notice or other information is received that payment for such item or service has been or could be made” by the private insurer. 42 U.S.C. § 1395y(b)(2)(B)(i) (1988). See e.g. Abrams v. Heckler, 582 F.Supp. 1155, 1165 *179 (S.D.N.Y.1984) (the legislative history of 42 U.S.C. § 1395 contains a clear manifestation of Congress’s intention to make Medicare secondary to auto insurance benefits). Furthermore, the federal government could have pursued a private cause of action against either Allstate or Palmetto for reimbursement, “for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) ...” 42 U.S.C. § 1395y(b)(3) (1988). Thus, Allstate was obligated under federal law to be the primary payor of medical benefits over Medicare up to its recognized PIP policy limits.
Second, Allstate acted in accordance with state law when it paid the PIP policy amount directly to the medical provider, Palmetto General Hospital. Section 627.736(5), Florida Statutes (1993) provides, in part:
Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge only a reasonable amount for the products, services, and accommodations rendered, and the insurer 'providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment ... (emphasis added)
Palmetto generated $23,547.56 of approximately $27,000 worth of medical care, and Allstate in good faith discharged its obligation to Hazera by paying its $10,000 PIP policy limit directly to the hospital. When Palmetto became aware that Hazera claimed her medical expenses under the Allstate PIP policy, it was obligated under' federal law to recognize Allstate as primary payor over Medicare, and to reimburse to Medicare the amount Allstate paid to Palmetto. Whatever medical provider Allstate paid, that provider would have been legally obligated to reimburse to Medicare any payments Medicare had already made for those medical services.
Accordingly, the order under review is affirmed.